IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID SWIFT, SR.
ADC #107092                                                                                          PETITIONER

VS.                                     5:06CV00268 JMM/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                         RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A 149
    Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 habeas Petition filed by Petitioner, Davis Swift, Sr. (Docket entry #2.) Respondent has filed a Response (docket entry #5), and Petitioner has filed a Reply. (Docket entry #8.) Thus, the issues are joined and ready for disposition. Before addressing the merits of Petitioner's claim, the Court will review the relevant procedural history of this case.

On September 22, 2004, Petitioner was convicted by a Pulaski County jury of the rape of his son, who was between 7 and 8 years old at the time of the offense.[1] (Docket entry #5 at 1.) As a habitual offender, Petitioner was sentenced to life imprisonment. *Id.*

---

[1] At trial, Petitioner's son, D.S., testified that, during a visit to his father's apartment when he was 7 or 8 years old, Petitioner "told him to get on the bed" and then Petitioner "removed his pants and placed his penis in D.S.'s mouth." *Swift v. State*, 363 Ark. 496, 497, 215 S.W.3d 619, 620 (2005).

Petitioner appealed his conviction to the Arkansas Supreme Court, where he argued that the trial court improperly admitted: (1) testimony from his adopted daughter concerning an alleged instance of abuse that occurred when she was 9-years old; and (2) a tape recording of a statement he made, while in custody, in which he admitted touching the vagina of his 7 or 8-year old niece on three occasions. *Swift v. State*, 363 Ark. 496, 215 S.W.3d 619 (2005). On October 13, 2005, the Court rejected these arguments on the merits and affirmed Petitioner's conviction. *Id.*

Petitioner claims that he then filed a Petition for Rule 37 relief in Pulaski County Circuit Court, raising only ineffective assistance of counsel claims. (Docket entry #2 at 2.) According to Petitioner, his Rule 37 Petition was denied on April 13, 2006. Petitioner acknowledges that he did not file a timely notice of appeal from the trial court's denial of his Rule 37 Petition. *Id.*

On October 16, 2006, Petitioner filed this federal habeas action, in which he asserts one ground for relief: the trial court deprived him of due process and a fair trial in admitting the prior bad acts evidence concerning his daughter and niece. (Docket entry #2 at 4.) Respondent argues that this claim is procedurally defaulted based on Petitioner's failure to raise this argument in state court.

For the reasons explained below, the Court agrees with Respondent's argument. Thus, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and that the case be dismissed, with prejudice.

## II. Discussion

According to Petitioner, the trial court committed constitutional error by admitting the prior bad acts evidence concerning his daughter and niece, which he characterizes as requiring him to "defend against an uncharged element," and as an "invasion" of the presumption of innocence.

(Docket entry #2 at 4.) Petitioner contends this evidence deprived him of a fair trial.[2]

Respondent argues that Petitioner is in procedural default of this argument because it is not the same theory he presented to the Arkansas Supreme Court on direct appeal, and because he failed to raise any federal constitutional argument concerning the admission of the prior bad acts evidence on direct appeal. (Docket entry #5.) According to Respondent, all of the arguments Petitioner raised in state court concerning the prior bad acts evidence were based on alleged errors of state law, not federal law.

As a prerequisite to federal habeas relief, a petitioner must first exhaust his state law remedies and "fairly present the facts and substance of his habeas claim to the state court." *Middleton v. Roper*, 455 F.3d 838, 855 (2006). In order to satisfy the requirement that he fairly present his habeas claims in state court, a petitioner must have "refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (*quoting McCall v. Benson*, 114 F.3d 754, 757 (8th Cir.1997)). As the Court noted in *Parker v. Bowersox*, 94 F.3d 458, 460 (8th Cir.1996), state-law evidentiary rulings are only subject to limited habeas review to determine whether "they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court").

---

[2]Petitioner's habeas petition does not specify which of his federal constitutional rights were violated. Presumably, Petitioner is contending the use of these statements violated his Fourteenth Amendment right to due process and, possibly, his Fifth Amendment right against self-incrimination.

In Petitioner's Appellate Brief before the Arkansas Supreme Court, his *sole argument* was captioned: "The Circuit Judge Erred in Denying [Petitioner's] Objections, Based on Ark. R. Evid. 404(b) and 403, to the Admissibility of Evidence That, Prior to the Offense At Issue, [Petitioner] Has Engaged in Sexual Conduct With Two Girls To Whom He Was Related." (Docket entry #5, Ex. 4, Direct App. Brf. at 1.) This heading is followed with a Summary of the Argument, which states:

> The circuit judge erred in denying [Petitioner's] objection, based on Ark. R. Evid. 404(b) and 403, to the admissibility of the State's evidence that, prior to committing the offense at issue, [Petitioner] had engaged in sexual conduct with two girls, [LS] and [KN]. In sex offense cases where the victim was a child, this Court will not reverse a circuit judge's decision to admit evidence, pursuant to Rule 404(b), of the defendant's prior sexual conduct with other children unless the circuit judge abuses his or her discretion. *Parish v. State*, ___ Ark. ___, ___ S.W.3d ___ (April 29, 2004). The circuit judge should have found the State's evidence of [Petitioner's] prior sexual conduct inadmissible because this evidence did not show that [Petitioner] had a proclivity toward engaging in a specific sex act with a male child. In this case, the States alleged that [Petitioner] had raped his son, [DS] by putting his penis in the boy's mouth. The State's evidence having to do with [LS] and [KN] established that, at most, [Petitioner] had a proclivity toward sexual conduct with girls that consisted of him touching their vaginas and him having them touch his penis and masturbate him. That [Petitioner] had a proclivity toward having girls masturbate him did not establish that he had a proclivity toward having a boy perform oral sex on him.

(Docket entry #5, Ex. 4, Direct App Brf. at 1.) Petitioner goes on to expand this argument to contend that, because the prior bad acts evidence concerned alleged sexual contact with minor females and the victim in this case was a minor male, it should not have been admissible under the "pedophile exception" to Ark. R. Evid. 404(b).[3] (Docket entry #5, Ex. 4 , Direct App. Brf. at 7-8.) Importantly,

---

[3]Under Rule 404(b) of the Arkansas Rules of Evidence, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." However, the Arkansas Supreme Court has recognized a "pedophile exception" to otherwise inadmissible evidence under Rule 404(b). Pursuant to this exception, prior bad acts evidence may be admitted in child abuse and incest cases to show "similar acts with the same child or other children in the same household when it is helpful in showing a proclivity toward a specific act with a person or class of persons with whom the accused has an intimate relationship."

5

in his direct appeal, Petitioner did *not* frame any argument concerning the admission of the prior bad acts evidence as: (1) a denial of due process, requiring him to "defend against uncharged offenses"; (2) an impingement of the presumption of innocence; or (3) a violation of his Fifth Amendment rights.  Similarly, Petitioner did *not* cite the United States Constitution, any federal cases, or any state cases raising a federal constitutional issue.

In characterizing Petitioner's argument on direct appeal, the Arkansas Supreme Court noted that "the essence of [Petitioner's] argument is that the 404(b) evidence of prior sexual acts with girls does not show proclivity for deviate sexual activity with a boy."  The Court rejected this argument, noting other state cases where similar evidence was admitted despite a difference in gender between the victim at trial and the victim involved in the prior bad acts evidence:

> In support of his argument, the appellant cites to several cases where the victim of the prior sexual conduct was the same sex as the current victim. However, the appellant fails to recognize our cases where the victim of the prior sexual conduct was a different gender than the current victim. *See Spencer v. State*, *supra*; *Greenlee v. State*, 318 Ark. 191, 884 S.W.2d 947 (1994); *see also Baldridge v. State*, 32 Ark.App. 160, 798 S.W.2d 127 (1990). In *Spencer*, the appellant was convicted of the rape of his five-year-old stepson. On appeal, he challenged the testimony of his two daughters and female first cousin who all testified to inappropriate sexual contact with Spencer when they were between the ages of three and five. This court ruled that the testimony was admissible to show Spencer's "proclivity toward incestuous sexual contact with children." *Spencer v. State*, 348 Ark. at 236, 72 S.W.3d at 464.
>
> Here, too, the evidence of abuse of [Petitioner's] adopted daughter and niece, both close familial relationships, shows a proclivity for that kind of sexual contact that would be relevant to the alleged rape of D.S., his son. Furthermore, though the specific acts complained of are not identical, we have previously held that allegations of vaginal touching are admissible in cases of vaginal or oral penetration to show the defendant's attraction to the characteristics of young children. *See, e.g., Flanery v. State*, 362 Ark. 311, 208 S.W.3d 187 (2005); *Hernandez v. State, supra*. Additionally, D.S. and the two girls were similar in age when the abuse happened, and in each instance, the appellant instructed the child not to tell anyone about the

---

*Clark v. State*, 323 Ark. 211, 215, 913 S.W.2d, 299 297 (1996).

> abuse. Based on these similarities, we hold that the circuit court did not abuse its discretion in admitting the evidence.

*Swift*, 363 Ark. at 499-500, 215 S.W.3d at 621-22.

In his Reply, Petitioner argues that he sufficiently apprised the state courts of the federal constitutional character of his evidentiary argument. To support this contention, he cites pretrial motions he filed seeking to prohibit the introduction of this evidence. In these motions, the introductory paragraph states that Petitioner "moves this [trial] Court pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, the Constitution of Arkansas, A.R.Cr.P., Rule 33.1, and all other applicable state and federal law, to prohibit the introduction of alleged A.R.E. 404(b) evidence the State intends to offer." (Docket entry #5, Ex. 1, Trial Tr. at 91, 99.)

The Court questions whether this introductory language was sufficient to fairly call to the trial court's attention a federal constitutional claim. First, while the introductory paragraphs of the motions refer to sections of the United States Constitution, the substance of the argument in the motions is devoted exclusively to state-law evidentiary issues, rules, and cases. *See* docket entry #5, Ex. 1, Trial Tr. at 91-94, 99-102. Thus, apart from conclusory references to the United States Constitution, in the motions' introductory paragraphs, nothing in the remainder of the motions articulating any federal constitutional basis for the exclusion of the evidence. However, even if this language was sufficient to fairly present to the *trial court* a federal constitutional claim, Petitioner did *not* cite any federal constitutional provisions in his Appellate Brief filed with the Arkansas Supreme Court. Presenting these alleged federal constitutional claims to the highest state court, on direct appeal, is a prerequisite to preserving the claim for purposes of habeas review. *See Krimmel*

*v. Hopkins*, 56 F.3d 873, 876 (1995) (a habeas petitioner must exhaust claim in state court by "afford[ing] the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim.")

Petitioner goes on to argue that his federal constitutional claim was preserved because the Arkansas Supreme Court reviewed the record, pursuant to Ark. R. Sup. Ct. 4-3(h), and determined that there were no other erroneous rulings on objections or motions beyond the argument raised on direct appeal.[4] *See Swift*, 363 Ark. at 500, 215 S.W.3d at 622.  However, this Court is not aware of any authority to support the proposition that the Arkansas Supreme Court's 4-3(h) review satisfies a § 2254 habeas petitioner's obligation to fairly present his claims in state court.

Under these circumstances, the Court concludes that Petitioner is in procedural default of his claim for habeas relief.[5] *See Taylor v. Norris*, 2005 WL 2367747 (E.D. Ark. 2005) (unpublished decision) (habeas petitioner convicted of rape had procedurally defaulted claim that prior bad acts evidence admitted under "pedophile exception" to Ark. R. Evid. 404(b) denied him due process and a fair trial when argument section of direct appeal brief was devoted to state law issues and did not address any federal issues regarding the admission of the evidence).

---

[4] In cases involving the death sentence or life imprisonment, the Arkansas Supreme Court "must review all errors prejudicial to the appellant," including a review of the trial court record of all adverse rulings on the appellant's objections and motions.  Ark. R. Sup. Ct. 4-3(h).

[5] Petitioner has not come forward with any argument or evidence to establish the cause and prejudice or actual innocence exceptions to the procedural default doctrine.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket entry #2) be DENIED, and that this case be DISMISSED, WITH PREJUDICE.

Dated this 18th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE